**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN MIJEL CHAVIRA, | No. C 11-5730 CW (PR) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND DIRECTING CLERK OF THE COURT TO PROVIDE PLAINTIFF WITH BLANK CIVIL RIGHTS FORM |
| v. | |
| B. RANKIN, CORRECTIONAL ADMINISTRATOR, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a state prisoner currently incarcerated at Kern Valley State Prison, filed the instant pro se civil rights action under 42 U.S.C. § 1983, complaining of the violation of his constitutional rights by correctional officials at Salinas Valley State Prison (SVSP), where he was incarcerated previously.  He has been granted leave to proceed in forma pauperis.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1), (2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and

**United States District Court**
For the Northern District of California

1  (2) that the alleged violation was committed by a person acting

2  under color of state law.  See West v. Atkins, 487 U.S. 42, 48

3  (1988).  Under § 1983, liability may be imposed on an individual

4  defendant only if the plaintiff can show that the defendant

5  proximately caused the deprivation of a federally protected right.

6  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

7       It is exceptionally difficult to glean from Plaintiff's

8  complaint what his claims are and what relief he seeks.  In

9  particular, Plaintiff's handwriting is so difficult to read that

10  the Court can barely decipher what Plaintiff has written.  Further,

11  nowhere does Plaintiff state succinctly and clearly what injury he

12  has suffered, who caused such injury and what he would like the

13  Court to do.

14       Rule 8(a) of the Federal Rules of Civil Procedure requires

15  that the complaint set forth "a short and plain statement of the

16  claim showing that the pleader is entitled to relief."  A complaint

17  that fails to state the specific acts of the defendant that

18  violated the plaintiff's rights fails to meet the notice

19  requirements of Rule 8(a).  See Hutchinson v. United States, 677

20  F.2d 1322, 1328 n.5 (9th Cir. 1982).  Additionally, Rule 8(e)

21  requires that each averment of a pleading be "simple, concise, and

22  direct."  See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996).

23  While the federal rules require brevity in pleading, a complaint

24  nevertheless must be sufficient to give the defendants "fair

25  notice" of the claim and the "grounds upon which it rests."

26  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quotation and citation

27  omitted).

28       Here, Plaintiff's claims cannot proceed as plead because he

2

has not clearly and concisely set forth them forth against

Defendants or directly linked Defendants to his allegations.  In

particular, Plaintiff refers to numerous individuals in his

pleadings, including individuals who do not appear to be named as

Defendants, and fails adequately to link those who are named as

Defendants to an identifiable injury.  In addition, while Plaintiff

does directly link some individual Defendants to some of his

allegations, the allegations are so difficult to decipher that the

Court cannot readily determine all of the injuries for which each

Defendant allegedly is liable.

In sum, even when Plaintiff's allegations are liberally

construed, he has failed to provide sufficiently simple, concise

and direct information for the Court to determine whether the

allegations state cognizable claims for relief with respect to each

of the named Defendants.  Accordingly, the complaint is DISMISSED

with leave to amend for Plaintiff to cure these pleading

deficiencies.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.   Plaintiff's complaint is DISMISSED.

2.   Within <u>thirty</u> days from the date of this Order,

Plaintiff may file an amended complaint in order to cure the

deficiencies noted above.

Plaintiff shall use the court's civil rights complaint form, a

copy of which is provided herewith, and include in the caption both

the case number of this action, No. C 11-5730 CW (PR), and the

heading "AMENDED COMPLAINT."

If Plaintiff fails to file a timely amended complaint in

United States District Court
For the Northern District of California

1   conformity with this Order, the case will be dismissed without

2   prejudice and will be closed.

3        3.   It is Plaintiff's responsibility to prosecute this case.

4   He must keep the Court informed of any change of address and

5   must comply with the Court's orders in a timely fashion.

6        Failure to do so may result in the dismissal of this action,

7   pursuant to Federal Rule of Civil Procedure 41(b), for failure to

8   prosecute.

9        4.   The Clerk of the Court shall provide Plaintiff with a

10  blank civil rights complaint form.

11         IT IS SO ORDERED.

12  DATED: 4/11/2012 

                           CLAUDIA WILKEN

13                            UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4