IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| RUBEN MIJEL CHAVIRA,<br><br>         Plaintiff,<br><br>    v.<br><br>B. RANKIN, CORRECTIONAL ADMINISTRATOR, et al.,<br><br>         Defendants. | Case No.: C 11-5730 CW (PR)<br><br>SECOND ORDER OF DISMISSAL WITH LEAVE TO AMEND; DIRECTING CLERK OF THE COURT TO PROVIDE PLAINTIFF WITH BLANK CIVIL RIGHTS COMPLAINT FORM |

   Plaintiff, a state prisoner currently incarcerated at Kern Valley State Prison, filed the instant pro se civil rights action under 42 U.S.C. § 1983, complaining of the violation of his constitutional rights by correctional officials at Salinas Valley State Prison (SVSP), where he was incarcerated previously.  He has been granted leave to proceed in forma pauperis.

   Upon initial review, the Court dismissed the complaint with leave to amend because Plaintiff had not clearly and concisely set forth his claims against Defendants or directly linked Defendants to his allegations.

   Now pending before the Court is Plaintiff's amended complaint.  Although the allegations are not entirely clear, Plaintiff appears to allege the following: on January 17, 2007, he was involved in an altercation with another inmate; he was injured and the other inmate died; Plaintiff was accused of having killed the other inmate and was not provided with medical care for his injuries; subsequently, prison officials found

Plaintiff not guilty of killing the other inmate and no criminal charges were brought against him. Plaintiff names only one Defendant, Correctional Officer B. Rankin.

Although Plaintiff has narrowed and clarified his allegations, the complaint remains deficient because he has not explained how Defendant Rankin was involved in the above events and what actions he took that violated Plaintiff's constitutional rights. Without such information, the complaint does not meet the pleading requirement that Defendant Rankin be given "fair notice" of the claim against him and the "grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quotation and citation omitted).

Accordingly, the amended complaint is DISMISSED with leave to amend for Plaintiff to cure this pleading deficiency.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The amended complaint is DISMISSED.

2. Within thirty days from the date of this Order, Plaintiff may file a second amended complaint in order to cure the deficiencies noted above.

Plaintiff shall use the court's civil rights complaint form, a copy of which is provided herewith, and include in the caption both the case number of this action, No. C 11-5730 CW (PR), and the heading "SECOND AMENDED COMPLAINT."

If Plaintiff fails to file a timely amended complaint in conformity with this Order, the case will be dismissed without prejudice and will be closed.

3. It is Plaintiff's responsibility to prosecute this case. He must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

4. The Clerk of the Court shall provide Plaintiff with a blank civil rights complaint form.

IT IS SO ORDERED.

Dated: 10/9/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

3