IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN MIJEL CHAVIRA,<br><br>    Plaintiff,<br><br>  v.<br><br>B. RANKIN, CORRECTIONAL ADMINISTRATOR, et al.,<br><br>    Defendants. | Case No.: C 11-5730 CW (PR)<br><br>ORDER OF DISMISSAL |

    Plaintiff, a state prisoner currently incarcerated at Kern Valley State Prison, filed the instant pro se civil rights action under 42 U.S.C. § 1983, complaining of the violation of his constitutional rights by correctional officials at Salinas Valley State Prison (SVSP), where he was incarcerated previously. He has been granted leave to proceed in forma pauperis.

    Upon initial review, the Court dismissed the complaint with leave to amend because Plaintiff had not clearly and concisely set forth his claims against Defendants or directly linked Defendants to his allegations. In response to the Court's order, Plaintiff filed an amended complaint. Upon review thereof, the Court determined:

> Plaintiff appears to allege the following: on January 17, 2007, he was involved in an altercation with another inmate; he was injured and the other inmate died; Plaintiff was accused of having killed the other inmate and was not provided with medical care for his injuries; subsequently, prison officials found Plaintiff not guilty of killing the

>     other inmate and no criminal charges were
>     brought against him.  Plaintiff names only
>     one Defendant, Correctional Officer B.
>     Rankin.

Docket no. 8 at 1:23-2:3.

The Court further found that the amended complaint remained deficient because Plaintiff had not explained how Defendant Rankin was involved in the above events and what actions he took that violated Plaintiff's constitutional rights.  Consequently, the Court dismissed the amended complaint with further leave to amend for Plaintiff to cure the noted pleading deficiencies.

Plaintiff has filed a second amended complaint in which he restates his allegations as follows: on January 17, 2008, inmate Browne was injured and subsequently died; on November 19, 2008, the District Attorney chose not to press charges against Plaintiff for the incident; on February 3, 2009, Defendant Rankin reissued disciplinary charges against him; he was held in administrative segregation for twenty-one days pending disposition of the charges; on May 8, 2009, the charges were dismissed.  Plaintiff seeks damages and claims the violation of his civil rights based on the above course of events.

The Court liberally construes Plaintiff's allegations as an attempt to claim that his right to due process was violated when he was charged with a disciplinary violation of which he later was found innocent and was held in administrative segregation pending investigation of the charges.  These claims, however, are not cognizable under 42 U.S.C. § 1983.

A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in

2

the deprivation of a protected liberty interest. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986). Specifically, the fact that a prisoner may have been innocent of disciplinary charges brought against him and incorrectly held in administrative segregation does not raise a due process issue. The Constitution demands due process, not error-free decision-making. See Ricker v. Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994); McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983).

Further, a prisoner's right to due process in connection with his placement in administrative segregation arises only when such segregation implicates a protected liberty interest in some unexpected manner, or imposes an "'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003) (quoting Sandin v. Connor, 515 U.S. 472, 484 (1995)). In Serrano, the Ninth Circuit recognized that,

> [t]ypically, administrative segregation in and of itself does not implicate a protected liberty interest. See, e.g., Sandin, 515 U.S. at 486 ("[D]isciplinary segregation, with insignificant exceptions, mirror[s] those conditions imposed upon inmates in administrative segregation and protective custody."); Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000) (holding that the pre-sentencing prisoner had no liberty interest in being free from administrative segregation); accord Wagner v. Hanks, 128 F.3d 1173, 1174 (7th Cir.1997) ("But it would be difficult (we do not say impossible) to make disciplinary segregation sufficiently more restrictive than the conditions of the general population . . . to count as an atypical and significant deprivation of liberty[.]"); Freitas v. Ault, 109 F.3d 1335, 1337

(8th Cir.1997) ("We believe that as a matter of
        law these conditions of [standard administrative
        segregation] do not constitute an 'atypical and
        significant' hardship, . . . when compared to the
        burdens of ordinary prison life.") (internal
        citation omitted).

Id. (alterations in original).

    Here, Plaintiff objects solely to the fact of his placement in administrative segregation for twenty-one days after being charged with a disciplinary violation of which he subsequently was found innocent. Such allegation fails to state a claim for the denial of due process. See Sandin, 515 U.S. at 485-86 (finding prisoner's thirty-day placement in disciplinary segregation did not result in type of atypical, significant deprivation for which state might create liberty interest); Resnick v. Hayes, 213 F.3d 443, 448-49 (9th Cir. 2000)(finding prisoner's seventy-day placement in secured housing unit pending disciplinary hearing did not give rise to liberty interest); May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (holding allegation of placement in administrative segregation does not state due process claim); see also Hewitt v. Helms, 459 U.S. 460, 468 (1983) ("[T]he transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence.").

    Based on the above, the Court finds that Plaintiff's allegations fail to state a claim upon which relief may be granted for the violation of his right to due process, and that granting him further leave to amend the complaint would be

futile.  Accordingly, this action is DISMISSED with prejudice.

The Clerk of the Court shall enter judgment and close the file.

IT IS SO ORDERED.

Dated: 11/26/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE