IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN MIJEL CHAVIRA, | Case No.: C 11-5730 CW (PR) |
| Plaintiff, | |
| | ORDER OF DISMISSAL |
| v. | |
| B. RANKIN, CORRECTIONAL ADMINISTRATOR, et al., | |
| Defendants. | |

Plaintiff, a state prisoner currently incarcerated at Kern Valley State Prison, filed the instant pro se civil rights action under 42 U.S.C. § 1983, complaining of the violation of his constitutional rights by correctional officials at Salinas Valley State Prison (SVSP), where he was incarcerated previously.  He has been granted leave to proceed in forma pauperis.

Upon initial review, the Court dismissed the complaint with leave to amend because Plaintiff had not clearly and concisely set forth his claims against Defendants or directly linked Defendants to his allegations.  In response to the Court's order, Plaintiff filed an amended complaint.  Upon review thereof, the Court determined:

> Plaintiff appears to allege the following: on January 17, 2007, he was involved in an altercation with another inmate; he was injured and the other inmate died; Plaintiff was accused of having killed the other inmate and was not provided with medical care for his injuries; subsequently, prison officials found Plaintiff not guilty of killing the

1   |   other inmate and no criminal charges were
2   |   brought against him.  Plaintiff names only
    |   one Defendant, Correctional Officer B.
3   |   Rankin.

Docket no. 8 at 1:23-2:3.

4

5       The Court further found that the amended complaint remained

6   deficient because Plaintiff had not explained how Defendant

7   Rankin was involved in the above events and what actions he took

8   that violated Plaintiff's constitutional rights.  Consequently,

9   the Court dismissed the amended complaint with further leave to

10  amend for Plaintiff to cure the noted pleading deficiencies.

11      Plaintiff has filed a second amended complaint in which he

12  restates his allegations as follows: on January 17, 2008, inmate

13  Browne was injured and subsequently died; on November 19, 2008,

14  the District Attorney chose not to press charges against

15  Plaintiff for the incident; on February 3, 2009, Defendant Rankin

16  reissued disciplinary charges against him; he was held in

17  administrative segregation for twenty-one days pending

18  disposition of the charges; on May 8, 2009, the charges were

19  dismissed.  Plaintiff seeks damages and claims the violation of

20  his civil rights based on the above course of events.

21      The Court liberally construes Plaintiff's allegations as an

22  attempt to claim that his right to due process was violated when

23  he was charged with a disciplinary violation of which he later

24  was found innocent and was held in administrative segregation

25  pending investigation of the charges.  These claims, however, are

26  not cognizable under 42 U.S.C. § 1983.

27      A prisoner has no constitutionally guaranteed immunity from

28  being falsely or wrongly accused of conduct which may result in

2

the deprivation of a protected liberty interest.  See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986).  Specifically, the fact that a prisoner may have been innocent of disciplinary charges brought against him and incorrectly held in administrative segregation does not raise a due process issue.  The Constitution demands due process, not error-free decision-making.  See Ricker v. Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994); McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983).

Further, a prisoner's right to due process in connection with his placement in administrative segregation arises only when such segregation implicates a protected liberty interest in some unexpected manner, or imposes an "'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'"  Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003) (quoting Sandin v. Connor, 515 U.S. 472, 484 (1995)).  In Serrano, the Ninth Circuit recognized that,

> [t]ypically, administrative segregation in and of
> itself does not implicate a protected liberty
> interest.  See, e.g., Sandin, 515 U.S. at 486
> ("[D]isciplinary segregation, with insignificant
> exceptions, mirror[s] those conditions imposed
> upon inmates in administrative segregation and
> protective custody."); Resnick v. Hayes, 213 F.3d
> 443, 449 (9th Cir. 2000) (holding that the pre-
> sentencing prisoner had no liberty interest in
> being free from administrative segregation);
> accord Wagner v. Hanks, 128 F.3d 1173, 1174 (7th
> Cir.1997) ("But it would be difficult (we do not
> say impossible) to make disciplinary segregation
> sufficiently more restrictive than the conditions
> of the general population . . . to count as an
> atypical and significant deprivation of
> liberty[.]"); Freitas v. Ault, 109 F.3d 1335, 1337

3

1

2    (8th Cir.1997) ("We believe that as a matter of
     law these conditions of [standard administrative
3    segregation] do not constitute an 'atypical and
     significant' hardship, . . .  when compared to the
4    burdens of ordinary prison life.") (internal
     citation omitted).

5    Id. (alterations in original).

6        Here, Plaintiff objects solely to the fact of his placement

7    in administrative segregation for twenty-one days after being

8    charged with a disciplinary violation of which he subsequently

9    was found innocent.  Such allegation fails to state a claim for

10   the denial of due process.  See Sandin, 515 U.S. at 485-86

11   (finding prisoner's thirty-day placement in disciplinary

12   segregation did not result in type of atypical, significant

13   deprivation for which state might create liberty interest);

14   Resnick v. Hayes, 213 F.3d 443, 448-49 (9th Cir. 2000)(finding

15   prisoner's seventy-day placement in secured housing unit pending

16   disciplinary hearing did not give rise to liberty interest); May

17   v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (holding allegation

18   of placement in administrative segregation does not state due

19   process claim); see also Hewitt v. Helms, 459 U.S. 460, 468

20   (1983) ("[T]he transfer of an inmate to less amenable and more

21   restrictive quarters for nonpunitive reasons is well within the

22   terms of confinement ordinarily contemplated by a prison

23   sentence.").

24       Based on the above, the Court finds that Plaintiff's

25   allegations fail to state a claim upon which relief may be

26   granted for the violation of his right to due process, and that

27   granting him further leave to amend the complaint would be

28

United States District Court
Northern District of California

4

futile.   Accordingly, this action is DISMISSED with prejudice.

The Clerk of the Court shall enter judgment and close the file.

IT IS SO ORDERED.

Dated: 11/26/2012

_____
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE